THE NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellee, *v.* ANTONIO ROMAGUERA ET AL., Defendants and Appellants.

No. 6843. Argued February 14, 1936.—Decided February 20, 1936.

*E. Campos del Toro* for appellants. *Fiddler, Córdova & McConnell* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This suit was brought by an indorsee of the following promissory note:

"No. B.                                   To mature on
Amount $689.00. .                           January 18, 1929.

"We jointly and severally promise to pay to J. Octavio Seix & Co., Inc., or to its order, precisely on January 18, 1929, the sum of SIX HUNDRED AND EIGHTY-NINE DOLLARS, value received.

"We bind all our goods present and future for the faithful performance of this obligation, plus interest thereon at 12 per cent annually from the date of its maturity in case of default, and waive the benefit of the law and expressly submit to the jurisdiction of any court selected by J. Octavio Seix & Co., Inc., binding ourselves to pay any costs, expenses, and disbursements that might be incurred by reason of this obligation including attorney's fees in case of judicial proceedings to collect the note.

"We further agree that in case of default at maturity in the payment of this note, there shall become due automatically any other obligation subscribed by us in favor of J. Octavio Seix & Co., Inc., relating to the same contract in which the present note originates, and the creditors shall be entitled to bring an action for the collection thereof.

"SUBSCRIBED in San Juan, P. R., on this the 18th of July, 1928. (Signed) A. Schmidt.—(Signed) A. Romaguera.—(Signed) Julio R. Brenes.

> (At the back) J. Octavio Seix & Co., Inc., per (Signed) J. Octavio Seix, President. Pay to the order of The National City Bank of New York. Without recourse. American Colonial Bank of Porto Rico. (Signed) E. Nazario, Assistant Cashier."

The court rendered judgment for the plaintiff.

The first assignment of error, in effect, was that the plaintiff was put upon inquiry by the terminology of the note and was not a holder in due course so as to cut off defenses.

We have examined the brief of the appellants and none of the cases cited is similar to the one at bar.

In the present instance the effect of the document was to accelerate certain other obligations of the defendants, but the principal obligation was disjunctively independent of the accelerating clause and should not make inquiry necessary.

Hence, as the plaintiff was a holder in due course, the court did not err in refusing to admit evidence tending to show the real relation between the original parties to the contract.

The court, we think, was entirely justified in imposing costs.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.